**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: June 11, 2014

Ms. Deborah L. Buchholz
Wagner, Myers & Sanger
800 S. Gay Street
Suite 1801
Knoxville, TN 37929

Mr. Brian Conal Quist
Quist, Cone & Fisher
800 S. Gay Street
Suite 2121
Knoxville, TN 37929

Re: Case No. 14-5593*, MAKS Inc Gen Trading and Contr v. Sterling Operations, Inc*
Originating Case No. : 3:10-cv-00443

Dear Counsel,

The briefing schedule for this case is listed below. The briefs must be filed electronically with the Clerk's office no later than these dates. If the appellant's principal brief is filed late, the case is at risk of being dismissed for want of prosecution.

Citations in your brief to the lower court record must include (i) a **brief** description of the document, (ii) the record entry number and (iii) the "**Page ID** #" for the relevant pages. Consult 6 Cir. R. 28(a)(1) for additional information.

| | |
|---|---|
| Appellant's Principal Brief<br>Appendix (if required by 6th Cir. R. 30(a) and (c)) | Filed electronically by **July 24, 2014** |
| Appellee's Principal Brief<br>Appendix (if required by 6th Cir. R. 30(a) and (c)) | Filed electronically by **August 26, 2014** |

| | |
|---|---|
| Appellant's Reply Brief<br>(Optional Brief) | Filed electronically **17** days after<br>the appellee's brief is filed.<br>See Fed. R. App. P. 26(c) |

For most appeals, the Court will access directly the electronic record in the district court. However, to determine if this appeal requires an appendix and how to prepare it, read the latest version of the Sixth Circuit Rules at www.ca6.uscourts.gov, in particular Rules 28 and 30.

A party desiring oral argument must include a statement in the brief setting forth the reason(s) why oral argument should be heard. *See* 6 Cir. R. 34(a). If the docket entry for your brief indicates that you have requested oral argument but the statement itself is missing, you will be directed to file a corrected brief.

In scheduling appeals for oral argument, the court will do what it can to avoid any dates which counsel have called to its attention as presenting a conflict. If you have any such dates, you should address a letter to the Clerk advising of the conflicted dates.

Sincerely yours,

s/Robin Duncan
Case Manager
Direct Dial No. 513-564-7027

cc: Mr. Joseph Aloysius Hennessey
Mr. Ryan E. Jarrard
Ms. Joanna Robertson O'Hagan

Enclosure

# CHECKLIST FOR BRIEFS

ECF FUNDAMENTALS:

___ Briefs filed ECF unless filer is pro se or attorney with a waiver for ECF filings

___ PDF format required

___ Native PDF format strongly preferred

___ In consolidated cases (excluding cross-appeals), appellants should **un-check** the case number(s) that is/are not their case. The appellant's brief should appear only on the docket of his/her specific appeal.

___ Parties who have joined in a notice of appeal shall file a single brief. Fed. R. App. P. 3(b)(1).

COVER OF BRIEF (Fed. R. App. P. 32(a)(2)):

___ Sixth Circuit case number

___ Heading: "United States Court of Appeals for the Sixth Circuit"

___ Title of case

___ Nature of proceeding and name of court, agency or board below

___ Title of brief (example "Appellant's Brief")

___ Name(s) and address(es) of counsel filing the brief

CONTENTS (Fed. R. App. P. 28, 6 Cir. R. 28):

___ Corporate Disclosure Form

___ Table of Contents

___ Table of Authorities with page references (with cases alphabetically arranged, statutes and other authorities)

___ **Statement in support of oral argument** (if there is no statement, argument is waived)

***Page limitation, word or line count begins here. See Fed. R. App. P. 32(a)(7)

___ Jurisdictional statement

___ Statement of issues

___ Statement of the case, setting out the relevant facts and history with references to the record

When referring to a district court record, the citation must include: (1) a brief description of the document; (2) the docket entry number of the document; and (3) the Page ID # range for the relevant pages. See 6 Cir. R. 28 for additional information on how to reference appendices or administrative records in other appeals. Examples:

Motion for Summary Judgment, RE 24, Page ID # 120-145
Transcript, RE 53, Page ID # 675-682
Plea Agreement, R. 44, Page ID # 220-225
A.R., RE 5, Page ID # 190-191, pp. 69-70

___ Summary of argument

___ Argument **with references to record and citations to case law, statutes and other authorities**. The preferred format is that references and citations appear in the body of the text and not in footnotes.

___ Standard of review (for each issue which may appear in discussion of each issue or under separate heading placed before discussion of issues)

___ Signed conclusion
Signature format is: s/(attorney's name)
Graphic or other electronic signatures discouraged
***Page limitation, word or line count ends here

___ A Certificate of Compliance as required by Fed. R. App. P. 32(a)(7)(C)

___ Dated Certificate of Service

___ **Designation of Relevant District Court Documents with Page ID # range**

___ Other Addendum contents allowed by Fed. R. App. P. 28(f) or 6 Cir. R. 28(b). Addendum may **not** contain any items from lower court record or appendix.

TYPEFACE AND LENGTH (See Fed. R. App. 32(a)(5) and (a)(7):

___ Typeface either proportionally-spaced font at 14 point (such as CG Times or Times New Roman) or monospaced font at 12 point (such as Courier New)

Times New Roman at 14 point `Courier New at 12 point`

___ Length for principal briefs: 30 pages OR up to 14,000 words (proportional fonts) OR up to 1300 lines (monospaced font)

___ Length for reply brief: 15 pages OR up to 7,000 words (proportional fonts) OR up to 650 lines (monospaced font)

___ Briefs using the 14,000 word or 1300 line limits must include word or line count in certificate of compliance (see Fed. R. App. P. 32(a)(7)(C)).

___ Headings, footnote and quotations count toward word or line limitations

___ For Death Penalty briefs, see 6 Cir. R. 32(b)(2)

___ For Cross-Appeals, see Fed. R. App. P. 28.1

___ For Amicus briefs, see Fed. R. App. P. 29 and 32

MISCELLANEOUS:

___ Personal information must be redacted from the brief - see Fed. R. App. P. 25(a)(5) for specifics. When filing a brief, the ECF system will require attorneys to verify that personal information has been redacted.

___ Footnotes must be same sized text as body of brief.